OPINION OF THE COURT
NYGAARD, Circuit Judge.
Because this opinion is wholly without precedential value we write briefly for the benefit of the parties, presuming their familiarity with the facts and procedural history of this case. Whitley appeals the grant of summary judgment in favor of the Defendants. We will affirm.
Whitley was arrested and convicted in 1989 for a 1988 murder, and he subsequently served seventeen years in prison. A DNA test in 2006 established Whitley’s innocence. As a result, Whitley filed this suit against certain police officers and Allegheny County alleging, both, state law claims for malicious prosecution and constitutional violations under 42 U.S.C. § 1988.
Whitley appeals three of the District Court’s rulings. First, he challenges the District Court’s decision applying the doctrine of collateral estoppel to Whitley’s malicious prosecution claims. Whitley also takes issue with the District Court’s ruling that the individual Defendants were entitled to qualified immunity. The District Court reasoned that, in 1989, there was not a clearly established right arising from the relationship between the constitutional entitlement to a fair trial and the level of care taken in criminal investigations. Finally, Whitley appeals the District Court’s dismissals of the section 1983 claims against Allegheny County, which were based upon the District Court’s related finding that the individual Defendants did not violate a clearly established right.[1]
We exercise plenary review of the District Court’s grant of summary judgment. Webb v. City of Philadelphia, 562 F.3d 256, 259 (3d Cir.2009). After our careful, independent review of the record in this case and the arguments raised by both parties, we will affirm the order for essentially the same reasons set forth by the District Court.

. Whitley incorrectly characterizes the District Court's decision as impermissibly extending the qualified immunity defense to Allegheny County. The District Court found that Allegheny County could not be held liable on a section 1983 claim of failure to train where it determined that the individual employees, whose training was at issue, did not violate a clearly established constitutional right. City of Los Angeles v. Heller, 475 U.S. 796, 798-99, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).